IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. NATVIK, JR, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 19-00316-JB-N |
| CYNTHIA STEWART, | : | |
| Defendant(s). | : | |

## REPORT AND RECOMMENDATION

Plaintiff, Timothy D. Natvik, Jr., an Alabama inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D.Ala.Gen. LR 72(a)(2)(R) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated April 1, 2020, it is recommended that this action be dismissed without prejudice.

On April 1, 2020, this Court issued an Order directing Plaintiff to inform the Court in writing if he wished to proceed with the litigation of this action by April 22, 2020 (Doc. 16). Plaintiff has not responded to the Court's order nor has the document been returned as undeliverable. Plaintiff was cautioned that his failure to comply with the Court's order would result in a recommendation that this action would be dismissed without prejudice for failure to prosecute and to obey the Court's order. Due to this failure, the Court construes the lack of a response as an indication that Plaintiff is no longer interested in proceeding with his action.

As a consequence of Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is

recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA.GEN. LR. 72(c). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 10th of July, 2020.

                                                   s/KATHERINE P. NELSON
                                                   UNITED STATES MAGISTRATE JUDGE